UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DIAZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>C. PFEIFFER,<br><br>　　　　　Respondent. | Case No. CV 17-6306 PA(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

**I.　SUMMARY**

On August 25, 2017, petitioner Carlos Diaz, a California prisoner who is represented by counsel, filed a Petition for Writ of Habeas Corpus ("Current Federal Petition"). Petitioner challenges the judgment in Los Angeles County Superior Court Case No. MA025998 ("State Case").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the

///

///

Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

In 2007, a Los Angeles County Superior Court jury found petitioner guilty of second degree murder with findings that he committed the murder for the benefit of a criminal street gang and personally used and discharged a firearm causing death. The trial court denied a motion for new trial and sentenced petitioner to 15 years to life in state prison plus 25 years to life on the firearm enhancement. On December 23, 2008, the California Court of Appeal, Second Appellate District ("California Court of Appeal") affirmed the judgment in Case No. B203878. On March 18, 2009, the California Supreme Court denied petitioner's petition for review in Case No. S169989.

On March 12, 2010, petitioner filed the First Federal Petition challenging the judgment in the State Case. On November 8, 2011, the assigned United States Magistrate Judge issued a Report and Recommendation recommending denial of the First Federal Petition on the merits and dismissal of the First Federal Action with prejudice. On December 26, 2011, the assigned United States District Judge accepted the Report and Recommendation, denied the First Federal Petition on the merits, and dismissed the First Federal Action with prejudice. Judgment was

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from the Current Federal Petition and supporting documents and dockets/court records in the above-referenced state cases and in Carlos Diaz v. K. Harrington, Central District of California Case No. CV 10-1813 ("First Federal Petition" or "First Federal Action"), of which this Court takes judicial notice. See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of court records in other cases).

entered accordingly on December 28, 2011. Petitioner was denied a certificate of appealability and did not appeal.

Petitioner thereafter filed a post-judgment petition to access confidential juror identifying information in Los Angeles County Superior Court. Such petition was denied. On April 14, 2015, the California Court of Appeal dismissed petitioner's appeal from such order in Case No. B256050, finding that the petition was untimely and that the denial order did not affect his substantial rights.

Petitioner thereafter sought, and was denied habeas relief in the Los Angeles County Superior Court, the California Court of Appeal (Case No. B267435) and the California Supreme Court (Case No. S237284).

As noted above, on August 25, 2017, petitioner filed the Current Federal Petition which again challenges the judgment in the State Case.

The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270,

---

[3]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

3

1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

///

1  The First Federal Petition in the First Federal Action was denied on its
2  merits – not for a technical or procedural reason. Accordingly, the Current Federal
3  Petition is successive. Since petitioner filed the Current Federal Petition without
4  authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV.  ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice. The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED: May 16, 2018

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE